JOHNSON LUNT & al. vs. JAMES M. ADAMS & al.

Where a demand was made by the payee of a note upon the maker at eight o'clock on the morning of the day on which the note became payable, and payment not being then made, a suit was immediately commenced thereon; *it was held*, that the action was prematurely brought, and could not be maintained.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit on a promissory note, made by the defendants to the plaintiffs, dated *Dec.* 2, 1836, for $864,84, payable in six months with interest. The writ was dated *June* 2, 1837. After the note had been read, *Jones*, the deputy-sheriff who served the writ, was offered as a witness by the plaintiffs, and was objected to by the defendants on account of his liability by reason of his having served the writ, it appearing, as the defendants insisted, upon the face of the writ that the note was not then payable. The objection was overruled. The witness then testified, that the writ was handed to him by *Caldwell*, one of the plaintiffs, between six and seven o'clock on the morning of *June* 2d, 1837, a mile or two distant from the store of the defendants; that on arriving near the store, *Caldwell* directed *Jones* to go to the store and wait there, and make no service until he should come, which whould be done shortly; that *Jones* went to the store, and that *Caldwell* came there soon after, and told one of the defendants he wanted an adjustment of his demand; that the reply was, that he would see the other promissors; that in a few minutes they came in; that the conversation after *Caldwell* came in had lasted half an hour, when *Caldwell* told *Jones*, the witness, that it was of no use to try further, and directed an attachment to be made upon the writ; and that the writ was immediately served by an attachment of the goods of the

defendants. Here the plaintiffs rested their case, and the Judge directed a nonsuit. To that direction the plaintiffs excepted.

*Vose* argued for the plaintiffs, and contended, that the note in suit was due *June* 2, 1837, and that the action brought on the day the note fell due was not prematurely brought, a demand having been previously made. *Bayley on Bills*, 171, *note* 92 ; *Greely* v. *Thurston*, 4 *Greenl.* 479; *Henry* v. *Jones*, 8 *Mass. R.* 453; *Stanton* v. *Blossom*, 14 *Mass. R.* 116 ; *Shed* v. *Brett*, 1 *Pick.* 401. But even if no demand previous to the service of the writ is proved, the action can be maintained. *Field* v. *Nickerson*, 13 *Mass. R.* 131 ; *Ayer* v. *Hutchins*, 4 *Mass. R.* 370. The writ was in force only from the time the direction was given to make service of it. *Badger* v. *Phinney*, 15 *Mass. R.* 359.

*Wells* argued for the defendants, and contended, that a demand on the day the note fell due should have been alleged and proved, or a suit on that day cannot be maintained. 1 *Chitty on Pl.* 322, 323. And this demand should be made in business hours. If the words proved amounted to a demand of payment, it was of no avail because *Caldwell* had not the note with him. *Freeman* v. *Boynton*, 7 *Mass. R.* 483. The action cannot be maintained with a demand and refusal before the commencement of the suit. *Greeley* v. *Thurston*, 4 *Greenl.* 479. Here the writ was made before the plaintiffs saw the defendants on that day.

The opinion of the Court was drawn up by

SHEPLEY J. — The most favorable position of the case for the plaintiffs is, that a demand was made about eight o'clock on the morning of the day upon which the note became payable, and payment not being then made a suit was immediately commenced. It was decided in the case of *Greeley* v. *Thurston*, 4 *Greenl.* 479, that a suit might be lawfully commenced on the day the bill or note became payable after a demand had been made at a reasonable hour of the same day.

There may be little difficulty in towns and cities, where there are business or banking hours, in deciding, that a demand should be made during those hours. But in places, where no particular hours are known for making and receiving payments there is more difficulty in determining what would be a reasonable hour for this

purpose. It may often happen, that the party having a payment to make would appropriate the earlier part of the day to obtain the means, either by collecting, or by procuring a loan from a bank or from some person in a neighboring town. To establish a rule, that would deprive him of that opportunity and subject him to a suit; and that would render him liable to have his business broken up, while thus employed, might justly be regarded ·as unreasonable. The general rule being, that the party has all the day *to* make his payment, that in relation to bills and notes *should not be so* varied as to prevent his having a fair opportunity to make arrangements and provide the means of payment before he is subjected to a suit. In this case the demand was made at an hour so early as to deprive him of that opportunity; and it was not therefore made at a reasonable hour.

*Exceptions overruled.*